AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>1005 Ash Rd.<br>Oceanside, CA 92058 | ) ) ) ) ) ) ) Case No. 26-mj-00227 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1, incorporated herein by reference.

located in the ___Southern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1382 | Trespass Upon Military Installation |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

The application is based on these facts:

See attached Affidavit, incorporated herein by reference.

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

BURDICK.CHRISTOPHER.JACOB.1590075023
Digitally signed by BURDICK.CHRISTOPHER.JACOB.1590075023
Date: 2026.01.16 11:47:05 -08'00'

*Applicant's signature*

Christopher Burdick, CID Agent, U.S. Marine Corps
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___telephone___ *(specify reliable electronic means)*.

Date: 01/16/2026

*Judge's signature*

City and state: San Diego, California        Honorable Karen S. Crawford
*Printed name and title*

# ATTACHMENT A

PLACES TO BE SEARCHED

1005 Ash Rd., Oceanside, CA 92058 (**Target Location**) is a two-story single-family attached residence. The residence has a garage on the ground floor which can be accessed from inside the residence. The garage faces a small parking lot containing approximately three parking spaces. The property to be searched includes all attached rooms, attics, basements, porches, locked containers and safes, and other parts therein, as well as the residence's attached garage, and all curtilage. Furthermore, a white Dodge Caravan bearing Virginia license plate TSA6488 (**Target Vehicle**), which may be parked on or near the **Target Location**.

# ATTACHMENT B

PERSONS/PROPERTY/ITEMS TO BE SEIZED

Authorization to search the **Target Location** and **Target Vehicle** described in attachment A, includes the search of all premises within the interior, attached garage, and curtilage of the home. The evidence to be seized from the premises may include:

a. items tending to establish residency within **Target Location,** to include but not limited to, mail, identification cards, clothing, photographs, documents, and other personal belongings which may identify **WHITE** and establish his residency at **Target Location** or otherwise tending to prove **WHITE's** repeated illegal entries to Marine Corps Base Camp Pendleton;

b. firearms, firearms assembly parts, ammunition, magazines, weapons maintenance equipment, rifle cases, other containers that may contain firearms, documents from prior convictions or prison stays, and other items tending to establish the possession of a firearm or prove **WHITE's** status as a felon in possession;

c. items tending to corroborate **WHITE's** secret entries onto Camp Pendleton within the **Target Vehicle** including but not limited to blankets, covers, or other items that could be used to conceal a person within a vehicle;

d. the **Target Vehicle** and any documents therein which tend to establish ownership and use of the vehicle; and

e. **WHITE** himself.

which are evidence of violations of Trespass Upon a Military Installation (18 U.S.C. § 1382) and Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1)).

# AFFIDAVIT IN SUPPORT OF
# APPLICATIONS FOR SEARCH WARRANT

I, Christopher Burdick, being duly sworn, declare and state:

## SEARCH WARRANT INTRODUCTION

1. This affidavit is made in support of an application for a warrant authorizing the search of the entire premises of: 1005 Ash Rd., Oceanside, CA 92058 (hereinafter referred to as **Target Location**), and all curtilage including the attached garage, as well as a white Dodge Caravan bearing Virginia license plate TSA6488 (hereinafter referred to as **Target Vehicle**) that may be at or near the **Target Location**, as further described in Attachment A. The undersigned also seeks to search and seize evidence from the persons of: **Mr. James Andrew WHITE ("WHITE")**. Based on the information outlined below, **WHITE**, a felon, is currently residing in the **Target Location** and is storing firearms therein. The undersigned seeks to search and seize the evidence of an offense that took place within the Southern District of California, as described in Attachments A and B incorporated herein, constituting evidence, the fruits of said crime are now believed to be located within the Southern District of California, constituting evidence, fruits, and instrumentalities of violation of federal law, including 18 U.S.C. § 1382 and 18 U.S.C. § 922(g)(1) ("**Target Offenses**").

## TRAINING AND EXPERIENCE

2. I am a law enforcement officer within the meaning of Title 18, U.S.C., Section 2510(7); that is, an officer of the United States, who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 of the United States Code. I am an Agent assigned to the Criminal Investigation Division ("CID"), Marine Corps Base ("MCB") Camp Pendleton, California, and have been so employed since January 2024. I have been an accredited Criminal Investigator since June 2024, after completing the United States Army Criminal

1

Investigation Division Special Agent Course. There, I received training and education, and was required to successfully pass tests, concerning the full spectrum of investigative principles, practices, and theory. Items of such instruction included criminal law, photography, evidence collection and handling, crime scene examination, identification and handling of forensic evidence, interviews and interrogations, digital forensics, affecting apprehensions, surveillance, and covert operations.

      3.     During my tenure with CID, I have conducted a multitude of felony and misdemeanor investigations, including (but not limited to) cases concerning death, sexual misconduct, domestic violence, child abuse, assault consummated by battery, larceny, extortion, and narcotics distribution.

      4.     The facts and conclusions set forth in this affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation; my review of documents and records related to this investigation; communications with others who have personal knowledge of the events, details, and circumstances described herein; and information gained through my training, experience, and communications with colleagues. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation. Dates, times, and amounts are approximate.

      5.     My training and experience as a Criminal Investigator, my participation in a multitude of investigations, and my interactions with other agents, as well as with other state and local law enforcement officers, form the basis of the opinions and conclusions set forth below, which I have drawn from the facts set forth herein. The facts are set forth in substance not verbatim, unless otherwise noted.

## INVESTIGATION BACKGROUND

6. Since the opening of this investigation, CID agents have identified **WHITE** as a suspect involved in trespassing aboard MCB Camp Pendleton and being a felon in possession of a firearm. A query of the Defense Biometric Identification System indicated **WHITE** does not have valid permissions to access MCB Camp Pendleton. Additionally, information provided by Criminal Source 2025-002939 (CS), later confirmed by a query of the National Crime Information Center (NCIC), indicated **WHITE** does not possess a valid driver's license, Common Access Card (CAC), or other written authorization allowing access aboard MCB Camp Pendleton. Additionally, records checks on **WHITE** revealed he is a convicted felon.

7. This affidavit is made in support of an application by the United States of America for the issuance of a warrant to search and seize evidence from the entire premises of **Target Location** and the **Target Vehicle**, which are within the Southern District of California, as described more fully in Attachment A incorporated herein, for items described in Attachment B incorporated herein, that constitute evidence, fruits, and instrumentalities of violations of the Target Offenses, which took place within the Southern District of California.

## FACTS SUPPORTING PROBABLE CAUSE

7. On 10 December 2025, I was contacted by CS[1] who stated there is a convicted felon, later identified as **WHITE**, residing at 1005 Ash Rd, Oceanside, CA, 92058, **Target Location**, with multiple firearms stored within his vehicle and his room within the residence. CS came to know **WHITE** while CS was living at the **Target Location**. CS explained **WHITE** shares the residence with Corporal

---

[1] CS has been serving as a confidential source since June 2025. CS is a Fleet Marine Force Marine with no prior law enforcement contacts or other criminal history and who has not been paid or sought payment for their cooperation. Investigators are not aware of any time during CS's cooperation with law enforcement when CS has knowingly given false information. Further, much of the information provided by CS has been corroborated by further investigation. Investigators believe that the information provided by CS is credible and reliable.

3

Nicholas M. ROSA, USMC, and his wife, Mrs. Heaven ROSA, civilian; however, **WHITE** maintains a private room on the second floor of the residence.

8. CS believed that the **Target Location** is leased to **ROSA**. Based on my training and experience, I am aware that the **Target Location** is a house is owned and leased by Liberty Housing, which leases properties on Camp Pendleton to active duty servicemembers and receives rent payments directly from the Department of War. Certain civilians may lease properties on Camp Pendleton but must have access to the base to do so. CS was living at the **Target Location** for several months with ROSA's permission.[2]

9. CS further stated they observed **WHITE** physically carry personal items, including two rifle cases, into **Target Location** circa July 2025. CS believed that **WHITE** had removed those firearms from the house while CID was investigating associates of **WHITE** for a larceny conspiracy and that **WHITE** was returning the firearms to the house because that investigation had cooled off. Additionally, CS stated they have heard **WHITE** discuss owning multiple firearms on multiple occasions between June 2025 and December 2025.

10. Queries of NCIC showed the following relevant criminal history for **WHITE:**

| Conviction Date | Court of Conviction | Charge | Imprisonment |
|---|---|---|---|
| 11/10/2014 | Gloucester County, VA – Circuit Court | VA Code § 18.2-181 (Felony) | 5 years suspended, indefinite probation |
| 7/16/2015 | York County, VA – Circuit Court | VA Code § 18.2-258.1 (Felony) | 5 years suspended, indefinite probation |
| 4/14/2015 | Gloucester County, VA – Circuit Court | VA Code § 18.2-308.2:2 (Felony) | 10 years suspended, indefinite probation |
| 5/22/2017 | Gloucester County, VA – Circuit Court | VA Code § 19.2-306 (Felony) | 5 years, all but 6 months suspended |

---

[2] According to CS, CS was asked to move out of the house after **WHITE** became jealous when CS interacted with **WHITE's** girlfriend.

4

11. Based on my education, training, experience, and conversations with other law enforcement agents, I am aware that:

    a. Individuals involved in the illegal possession, acquisition, distribution, and trafficking of firearms will store those firearms in places they have regular access to including their own homes or the homes of friends or family members which they frequent but are not known by law enforcement to be associated with said individuals.

    b. Individuals involved in the illegal possession, acquisition, distribution, and trafficking of firearms, and especially those who have been convicted of a felony, tend to move those firearms out of their residence when they believe it is going to be searched.

    c. Individuals involved in the illegal possession, acquisition, distribution, and trafficking of firearms tend to evade law enforcement checkpoints, stops, and searches when firearms are stored in their vehicles.

12. CS stated on 18 November 2025, **WHITE** drove them in the **Target Vehicle** to purchase a vehicle in Oceanside, CA, via private party transaction. CS explained during the conduct of the vehicle purchase, they observed the pistol grip of a black handgun under the passenger seat of the **Target Vehicle**.

13. Records checks of the **Target Vehicle** revealed that it is registered to James T. BOWIE Jr. The same databases revealed that BOWIE is known to be associated with **WHITE** and has a common prior address, and BOWIE is believed to be **WHITE's** father.

14. CS stated they have borrowed the **Target Vehicle** on multiple occasions and on each occasion, **WHITE** instructed CS to avoid or deny any random vehicle searches when coming onto MCB Camp Pendleton.

15. CS further reported **WHITE** does not currently possess a valid Common Access Card or driver's license that would allow him to enter the base, and **WHITE** typically enters the installation via the trunk of the **Target Vehicle**. CS elaborated that sometime in the Fall of 2025, **WHITE** had his driver's license confiscated by law enforcement because it was suspended, and he has been entering the base covertly since then.

16. Based on my review of the military law enforcement database known as the Consolidated Law Enforcement Operations Center ("CLEOC"), **WHITE** received a citation on November 18, 2025, for attempting to access the installation without a driver's license. According to the citation, **WHITE** was driving the **Target Vehicle** at the time.

17. Additionally, CS stated **WHITE** rarely leaves his residence due to his lack of valid identification or lawful access to Camp Pendleton.

18. On 11 December 2025, at approximately 0035, a visual drive-by was conducted of **Target Location**, and the **Target Vehicle** was observed parked near the garage attached to **Target Location**.

19. The Defense Biometric Identification System ("DBIDS") is an identification authentication and force protection tool which maintains data on individuals permitted to enter certain military installations and which can be queried to track historical entries onto those installations. DBIDS stores biographical information for individuals with access to each installation. Based on my review of DBIDS data, **WHITE** does not have access to MCB Camp Pendleton. According to DBIDS, **WHITE** previously petitioned for a temporary pass to access to the installation. On August 7, 2024, he was denied access based on his felony conviction. On August 13, 2024, **WHITE** was granted temporary access to the installation based on an appeal. That access expired on September 4, 2024. There are no records of **WHITE** being granted access since September

2024. Between September 2024 and November 2025, **WHITE** was denied access to the installation several times. Even if a gate sentry was unaware of his prior conviction, **WHITE** could not be escorted onto the installation without a REAL-ID compliant identification document.

20. In addition to checking whether **WHITE** had any entries registered on DBIDS, I reviewed all License Plate Reader ("LPR") data for the **Target Vehicle** since LPRs were installed on December 1, 2025. The **Target Vehicle** has entered the installation nine times between December 1, 2025, and January 15, 2026. Based on the photographs from these entries and the photographs associated with the ROSAs in DBIDS, the vehicle appears to be driven by Corporal ROSA or Ms. Heaven ROSA each time.



Figure One: Corporal ROSA DBIDS Profile



Figure Two: Heaven ROSA DBIDS Profile



Figure Three: Corporal ROSA driving on base on December 13, 2025



Figure Four: Heaven ROSA driving on base on December 16, 2025

21. From my review of the **Target Vehicle's** entries onto Camp Pendleton, the vehicle is consistently driven by Corporal ROSA or Heaven ROSA, and has no other visible passengers. If the vehicle had any other visible passengers, the gate sentry would request to see that passenger's identification document. As aforementioned, **WHITE** is known to not possess a valid driver's license. The CS further stated that **WHITE** typically enters the installation by hiding in the rear of the **Target Vehicle**.

22. Subsequently, CID agents conducted surveillance in the area of **Target Location** from January 8-10, 2026. On January 10, at approximately 5:37 p.m., the garage door of **Target Location** opened, and an individual matching **WHITE**'s description was observed within the garage smoking a cigarette. The individual remained in the garage for approximately three minutes before returning inside **Target Location** as the garage door was closed. Agents also observed **Target Vehicle** parked adjacent to the residence.

23. Further, the ROSAs have collectively been observed driving the **Target Vehicle,** which is believed to be registered to **WHITE's** father and kept by **WHITE**, several times.

24. Based on the identification of an individual matching **WHITE's** description at the **Target Location**, and the aforementioned facts, I believe that the ROSAs are secreting **WHITE** onto Camp Pendleton in the **Target Vehicle**. Moreover, during the surveillance of the **Target Location**, a BMW sedan was seen parked adjacent to the garage of the residence. Between January 8-10, both ROSAs were observed driving and entering or exiting the BMW sedan multiple times. **WHITE** was never observed entering or exiting the BMW sedan. LPR data from January 1-10, 2026, showed that the ROSAs have driven the BMW sedan onto base several times. Based on this, I believe that the BMW sedan is the

1  ROSAs' vehicle, and the **Target Vehicle** is used specifically for the smuggling of
2  **White** onto the installation.
3      25.    Based on the aforementioned facts, I believe that **WHITE** is living at
4  the **Target Location**. Because **WHITE** does not have any right to access MCB
5  Camp Pendleton, his entries and presence on Camp Pendleton are trespasses upon
6  a military installation in violation of 18 USC § 1382.
7      26.    Based on the aforementioned facts, and my training, knowledge,
8  experience, and conversations with other law enforcement officers about the
9  tendencies of individuals involved in the illegal possession, acquisition,
10 distribution, and trafficking of firearms, I believe that **WHITE** stores firearms in
11 the **Target Vehicle** and at the **Target Location** in violation of 18 USC §922(g)(1).

### NEED FOR SEARCH WARRANT

13     27.    Through the course of my training, investigative experience, and
14 professional discussions with other law enforcement personnel, I am aware that
15 individuals trespassing aboard MBC Camp Pendleton often limit their movement
16 and exposure to avoid apprehension. This is consistent with entering MCB Camp
17 Pendleton via the trunk of a vehicle, as this occurs frequently when individuals are
18 attempting to bypass the security protocols of MBC Camp Pendleton due to their
19 unlawful entry. Oftentimes trespassers in the trunk of a vehicle will hide
20 underneath a blanket or similar concealing item, to avoid detection by Military
21 Police.
22     28.    Based on the facts of this case, my training and experience, and
23 consultations with fellow agents in CID and personnel from other law enforcement
24 agencies, I know that an individual would likely avoid random vehicle searches
25 when they are concealing illegal items or evidence of a crime within the vehicle.
26 Due to the frequency and commonality of random searches of vehicles entering

1  MCB Camp Pendleton, an attempt to avoid these searches indicates criminal
2  activity is afoot.
3    29.  Additionally, based on my training and experience, individuals who
4  have resided within a certain residence for extended periods of time will maintain
5  personal belongings within their designated living space. This could include
6  firearms which are being possessed unlawfully.
7    30.  I believe that a search of **Target Location** and **Target Vehicle**, will
8  yield evidence showing that **WHITE** violated the Target Offenses. I believe that
9  the structures safes, and other containers will contain evidence of established
10 residency and the lack of authorization to reside aboard MCB Camp Pendleton.

**PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE**

12   31.  The United States has not attempted to obtain the requested evidence
13 other than as outlined above.
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //

10

**CONCLUSION**

32. Based on the foregoing, I believe probable cause exists to search of the entire premises of: (a) 1005 Ash Rd, Oceanside, CA 92058 (**Target Location**), and (b) a white Dodge Caravan bearing Virginia license plate TSA6488 (**Target Vehicle**).

BURDICK.CHRISTOPHER.JACOB.1590075023
Digitally signed by BURDICK.CHRISTOPHER.JACOB.1590075023
Date: 2026.01.16 11:47:32 -08'00'

CHRISTOPHER J. BURDICK
Agent, Criminal Investigative Division

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, on January 16, 2026.

HONORABLE KAREN S. CRAWFORD
United States Magistrate Judge

11